**UNITED STATES of America, Appellee,**

v.

**Robert Stephen TERRILL, Appellant.**

**No. 87–1229.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1987.

Decided Dec. 17, 1987.

James R. Wyrsch, Kansas City, Mo., for appellant.

Peter M. Ossario, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before HEANEY and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Robert Stephen Terrill entered a conditional guilty plea to one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and now appeals under Fed.R.Crim.P. 11(a)(2) the district court's [1] denial of his motion to dismiss. We affirm.

On March 31, 1986, Terrill attended a luncheon meeting at Houlihan's restaurant in Kansas City, Missouri, with three men interested in opening a restaurant in Lenexa, Kansas. Unknown to Terrill, one of the men, Craig Lancaster, was an informant for the Drug Enforcement Administration (DEA). The other men, Hal Edwards and Donald Price, were under investigation by the DEA, and Special Agents David Major and David Cigich were conducting surveillance outside Houlihan's. Prior to the luncheon, the DEA had no information that Terrill was involved in drug trafficking, but knew that he associated with Edwards and Price.

As an informant, Lancaster operated under general instructions to obtain information from anyone who might be involved in drug trafficking. Thus, Lancaster approached Terrill after lunch and mentioned that he was no longer going to buy cocaine from Edwards and Price because their cocaine was too expensive. Terrill responded that he could arrange "a better deal" from a contact in Denver who charged $1,900 per ounce and who would send the cocaine to Terrill's post office box after Terrill wired him the money.

Lancaster informed the DEA about his conversation with Terrill and was paid $200. Based on this information, the DEA classified Terrill as a "target of opportunity" and instructed Lancaster to pursue making a cocaine purchase through Terrill's source in Denver. Lancaster arranged a transaction in which he paid Terrill for the cocaine and observed him wire the money to his source in Denver. The DEA paid Lancaster an additional $223.05 for having made a drug purchase. The payment was not contingent on whether the cocaine actually arrived from Denver, or on whether Terrill was ultimately arrested or convicted.

Terrill was indicted and plead not guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B), and 18 U.S.C. § 2. Terrill filed a motion to dismiss the indictment on due process grounds, alleging that the DEA had pretargeted him and paid Lancaster a contingent fee to gather evidence against him. After an evidentiary hearing,

---

1. The Honorable Scott O. Wright, Chief Judge, United States District Court for the Western

the magistrate[2] rejected Terrill's arguments. Based on the magistrate's recommendations, the district court denied Terrill's motion to dismiss. On appeal, Terrill argues that the district court erred in not dismissing the indictment. Specifically, Terrill argues that the DEA violated due process by pretargeting him and paying Lancaster a contingent fee.

 Contingent fee arrangements with government informants are not per se unconstitutional. *United States v. Cervantes–Pacheco,* 826 F.2d 310, 316 (5th Cir. 1987) (overruling *Williamson v. United States,* 311 F.2d 441 (5th Cir.1962)). An arrangement in which an informant's fee is contingent on a suspect's conviction would not alone require reversal. *United States v. Janis,* 831 F.2d 773, 777 (8th Cir.1987). "It is the government's pre-selection or pre-targeting of specific persons for implication by the informant that violates due process, not the fact that the informant's fee is contingent upon conviction." *United States v. Risken,* 788 F.2d 1361, 1374 (8th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 329, 93 L.Ed.2d 302 (1986). Thus, if the DEA did not pre-target Terrill there can be no due process violation regardless of the fee arrangement that existed between the DEA and Lancaster.

The magistrate correctly found that the DEA did not pretarget Terrill before the March 31, 1986, luncheon. Lancaster had general instructions to engage anyone he met in conversation about cocaine. Only after receiving specific information from Lancaster that implicated Terrill did the DEA start investigating Terrill. *Cf. United States v. King,* 803 F.2d 387, 391 (8th Cir.1986) (no pretargeting when informant approached officials with information that defendant was selling drugs). Likewise, the magistrate correctly found that Lancaster's payment was not contingent on whether Terrill was ultimately convicted or

District of Missouri.

on whether the cocaine actually arrived from Denver.

The judgment is affirmed.

2. The Honorable Calvin K. Hamilton, Chief United States Magistrate for the Western District of Missouri.